**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| David Richard Walker, Jr., #188417,  ) | |
| ) | Civil Action No. 8:16-cv-00817-JMC |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Brian "Jay" Koon, Sheriff;  ) | |
| Kevin Jones, Major,  ) | |
| *Both of Lexington County Sheriff's*  ) | |
| *Dept. e.g Lex. County Detention Center,*  ) | |
| ) | |
| ) | |
| Defendants.  ) | |
| _____) | |

David Richard Walker, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. §1983. (ECF No. 1.) Plaintiff is currently detained in the Lexington County Detention Center ("LCDC"). (ECF No. 11 at 1.)

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed in forma pauperis if they are frivolous or malicious, if they fail to state a claim upon which relief can be granted, or if they seek monetary relief against a defendant who is immune. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On April 14, 2016 the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's action be dismissed without prejudice, without issuance, and without service of process. (ECF No. 11.) The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a recitation. Plaintiff filed a Motion for Extension of Time to file objections to the Report (ECF No. 13), which was subsequently granted by the court. (ECF No. 14.) Specifically, the court extended Plaintiff's time to file objections until May 20, 2016. (Id.)

1

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270–71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, the court will assume that Plaintiff's Objections to Report and Recommendation, (ECF No. 16), were timely filed.[1] In his Objections, Plaintiff claims that the court erred in determining that he lacked standing based on an assumption that he was bringing his claim on behalf of all detainees. (See ECF No. 16 at 2.) In response, Plaintiff clarifies that he is bringing his claim on behalf of himself alone. (Id.) Additionally, Plaintiff contends that the Magistrate Judge erred in dismissing his claim for failure to assert a plausible claim. (Id. at 3.) In his Objections,

---

[1] The envelope, containing Plaintiff's Objections, was time-stamped when the clerk received it, but it was not time-stamped when it was mailed by the prison. (See ECF No. 16-2.) Because of this issue, the court will assume that the date Plaintiff listed on his letter and his envelope, May 5, 2016, was proper. (See ECF Nos. 16-1, 16-2.)

Plaintiff alleges multiple injuries brought about by the alleged violation of his right to access the courts, many of which were not mentioned in his Complaint. (*See* id. at 8–16; ECF No. 1.)[2]

## Analysis

First, the court sustains Plaintiff's objection to the Magistrate Judge's finding that he lacked standing. Because Plaintiff is proceeding pro se[3] and because he clarified in his objections that he only intended to bring this action on behalf of himself, not other prisoners, the court finds that Plaintiff has standing to bring this action. (*See* ECF No. 16 at 2.)

Additionally, the court liberally construes Plaintiff's new allegations of injury in his Objections as a request to amend his Complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure allows the court to give a party leave to amend their complaint "when justice so requires." Here, Plaintiff is incarcerated and is proceeding pro se. Consideration of the alleged injuries in Plaintiff's Objections, which he failed to allege in his Complaint, could allow Plaintiff to establish a cognizable claim and survive dismissal. Consequently, the court finds that justice requires giving Plaintiff leave to amend his Complaint.

## Conclusion

For the foregoing reasons, the court **SUSTAINS** Plaintiff's objection to the Magistrate Judge's finding that he lacked standing. Regarding the rest of Plaintiff's objections, the court gives Plaintiff leave to amend his complaint by February 10, 2017. If Plaintiff fails to file an amendment

---

[2] Specifically, Plaintiff generally alleges that he suffered medical, mental, and physical injuries that could have been rectified if he was given adequate resources to litigate his legal claims. (See ECF No. 16 at 8–10.) More notably, Plaintiff also asserts that this lack of legal resources led him to lose custody of his child in a family court proceeding. (See id. at 14–16.)

[3] The pleading of pro se litigants are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

3

by this date, his claim will be subject to dismissal. The court **REMANDS** this matter to the Magistrate Judge for a proceeding consistent with this ruling.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 26, 2016
Columbia, South Carolina

4